✱   * Complaint *   ✱

Docket No _____          Date: March 15, 2008

                                      2008 APR -4  P 1:48

* Plaintiff *
Jimmy Smith

     vs.                              U.S. DISTRICT COURT
                                      BRIDGEPORT, CONN.

* Defendants *

Bridgeport.C.C. Lt. Cox,
Bridgeport C.C. Lt. John Coleman,
Bridgeport C.C. C/O Rodriguez,
Bridgeport D.R. Investigator Scott,
Bridgeport D.R. Investigator Lopez,

State of Connecticut, Dept. of Corrections Bridgeport
Correctional Center. ("B.C.C.")

All Defendants named above are being sued in their official as
well as individual capacities in this suit. Declaratory Judgment
sought also.


✱   * Preliminary Statement *   ✱

The Plaintiff was assaulted by an inmate on 2/3/08. He did

(not) defend against the assault believing he would not go

to seg. as he did nothing to violate DOC Adm. Dir. 9.5...

To his surprise he was cuffed violently, put in seg. with a

D.R. anyway.

Refused medical attention etc. The state laws and the U.S.

constitution was violated by the acts of the DOC officials

who did not let the Plaintiff Jimmy Smith press charges on

the inmate who did the assault on him with a weapon.

## ✶ * Jurisdiction * ✶

(1) The court has jurisdiction over the Plaintiff's claim of violation of federal constitutional rights under 42 U.S.C. Section 1331(a) and Section 1343.

(2) The court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. Section 1367.

## ✶ * The Parties * ✶

(3) Plaintiff Jimmy Smith is a state pre-trial detainee. Not convicted and was housed in protective custody.

(4) Defendant Lt. Cox was a supervisor at B.C.C.

(5) Defendant Lt. Coleman was a unit manager of the protective custody unit at B.C.C.

(6) Defendant C/O Rodriguez was an officer at B.C.C. on 2/3/08.

(7) Defendant D.R. investigator Scott was an officer at B.C.C. See Directive for duties.

(8) Defendant D.R. investigator Lopez was an officer at B.C.C. See Directive for duties.

(9) Note: At all times during the events alleged in this lawsuit, the Defendants were "acting under color of state law." Monroe vs. Pape 365 U.S. at 184.

## ✶ * FACTS * ✶

(10) In front of B.C.C. officers and DOC video cameras, The Plaintiff was assaulted three (3) times with a chair by a B.C.C. inmate in the protective custody unit on 2/3/08. See: D.O.C. Adm. Dir. 9.9 et. Seq.

(11) The Plaintiff did (not) defend against the attack nor did he fight so he did not violate the DOC Adm. Directive 9.5

(12) Several B.C.C. officials responded to the code called on 2/3/08 to include Lt. Cox and C/O Rodrigues. See: D.O.C. Adm. Dir. 6.6

(13) The attack continued in the presence of about 15 inmates and the responding B.C.C. officials. Officials took a long time to intervene to stop the assault. See: Morales vs. D.O.C. 842 F.2d at 30 (2d Cir.)

(14) To end the attack the Plaintiff made his way toward the presence of the responding offecers, putting himself out harms way (finally). Thinking he would get medical attention (then) be allowed to go back to the cell where he was being housed in protective custody.
See D.O.C. Adm. Dir. 9.9 et. Seq.

(15) To the Plaintiff's surprise Lt. Cox ordered C/O Rodriguez to handcuff the Plaintiff. He asked "why are you cuffing me?" I did nothing wrong. I did not refuse. 1st Amendment right to ask a question.

(16) C/O Rodriquez assaulted the Plaintiff by squeezing the handcuffs with both hands exstremely tight, leaving the the Plaintiff in this way for 15 minutes. See: Davidson vs. Flynn 32 F.3d at 27 (2d Cir.)

(17) I was given a <u>false</u> Disciplinary Report by Lt. Cox and reviewed by Lt. Cox in clear violation of DOC Adm. Dir. 9.5 et. seq. <u>Foulds vs. Courley</u> 833 F.2d at 54.

(18) Lt. Cox asked me if I wanted to press charges against the other inmate? I said yes, but no charges were ever filed nor was papers given to me to sign to get the process going. (Equal protection violation), See 14th Amendment of constitution.

(19) I was placed in R.H.U. and both D.R. investigators Scott and lopez violated the ruling in: <u>Ponte vs. Real</u> 471 U.S. at 471 (1985). "witness should appear at hearing." By not allowing the presence of the inmates at the P.R. hearing. By altering their statements in my behalf. And refusing to review the DOC video footage as requested by me several times to protect <u>Due Process</u>.

Violation of DOC Adm. Dir. 9.5 et. Seq.

(20) I was placed on illegal 23 hour lock up status by Lt. John Coleman once out of Seg. on or about 2/15/08. This status was not to protect me but to punish me for being the victim of a crime. See:
<u>Hendrix vs. Faulkner</u> 525 F. Supp. at 525-527.

(21) While in R.H.U. I recieved no medical attention for what would be obvious injuries when assaulted with a chair while not defending the attack. The conditions in R.H.U. were bad, I took sick for 4 days, requested medical attention and was denied etc. See:
<u>Estelle vs. Gamble</u> 429 U.S. at 104.

(22) I'm a pre-trial detainee and need to be able to use a law library to do legal research to defend in my pending case. B.C.C. has no library or legal materials. If they did...they did not make it accessable. See:

<u>Faretta vs California</u> 422 U.S. at 806.

<u>Milton vs. Morris</u> 767 F.2d at 1447

(23) I have been refused copies of all and any documents prepared in regards to the incident on 2/3/08 when I was attacked. This clearly violates the State F.O.I. act and Conn. Gen. Stat. Section 54-142 K (b).

Entitled per DOC Adm. Dir. 6.6 et. Seq.

## ✳ * Requested Remedy * ✳

(24) Wherefore the Plaintiff requests that court order the following:

(A) The Plaintiff seeks the court to order the false-improper D.R. history pursuant to <u>Powell vs. Coughlin</u> 643 F.2d at 934(2d Cir.)

(B) Notify its illegal-unconstitutional to medicate or place an inmate in mental health unit (without consent) as stated in <u>Vitek vs. Jones</u> 445 U.S. at 494-496.

(C) It was illegal-partial for Lt. Cox to write and (review) the D.R. on 2/3/08. Declaratory Judgment to notify Lt. Cox that was wrong as shown in <u>Diercks vs. Durham</u> 959 F.2d at 713. A independent supervisor was required to review the D.R. allegations of Lt. Cox on 2/3/08.

(D) $50,000 in compensatory damages against all named Defendants in their (Individual) capacities.

(E) $50,000 in punitive damages against all named Defendants in their (individual) capacities.

Smith vs. Wade 461 U.S. at 49-51.

(F) And any other relief the court sees fit and necessary in this case.

Pursuant to 28 U.S.C. Section 1746 I declare under penalty of perjury that the above facts are true and correct to the best of my knowledge and lelief.

Pro Se Plaintiff

BY: *Jimmy Smith* (signature)

Jimmy Smith 334426
Cheshire C.I.
900 Highland Avenue
Cheshire, CT. 06410

# *Memorandum*
## Cheshire Correctional Institution

DANYA D. BAKER
*CAPTAIN*

**TO:** Inmate Smith, Jimmy # # 334426

**FROM:** Captain Danya Baker

**DATE:** March 31, 2008

**SUBJECT:** Request for action as described within your letter of complaint 3/25/08 (Attached)

---

You have recently requested that someone from the State Police see you as described in the aforementioned document.

As to follow up with your request, I called State Police Troop I. I was referred call Troop G because Bridgeport CC falls under that jurisdiction of the State Police. I spoke with Trooper Richard Garcia Badge # 1199. Trooper Garcia stated that because an incident took place at Bridgeport CC and that the facility charged Inmate Snell with an Assault // Disciplinary Report and you were not physically injured, they will not be pursuing outside charges against Inmate Snell.

In essence, you were involved in a Code and it is common practice to handcuff all parties involved until the tapes can be reviewed, subsequently upon investigation it was determined you were the victim. However, you actively resisted to be handcuffed and exit the dayroom after being given several direct orders during a code. This is why you were given a Disciplinary Report for Interfering with Safety or Security. This D/R was appropriate, warranted and clearly fits the criteria to the charge. (See attached copy 9.5 for defining charges.)

In review of this incident from Bridgeport CC, it appears both, you and Inmate Snell were given the opportunity to sign for Outside Charge Statements. Inmate Snell signed not to press and you refused to sign the document as witness by Lieutenant Cox.

Based on my following up actions and review my office is closing this matter.

1

# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 1/1/08

| Facility/Unit: Bridgeport CCC | Report date: 2/3/08 |
|---|---|
| Inmate name: Smith, Jimmy | Inmate number: 334426 |

| Housing unit: B5-7 | Location of incident: 38B dayroom | | |
|---|---|---|---|
| Report number: BCC0802-08 | Incident date: 2/3/08 | Incident time: 7:15 | ☐ am  ☒ pm |
| Offense: Interfering with Safety and Security | | Offense class: ☒ A  ☐ B  ☐ C | |

**Description of violation:**

A code blue was called in 38B, I/M Smith; Jimmy 334426 was one of the inmates involved. I directed him to step out of the dayroom, he refused to leave the dayroom, stating I ani't being cuffed. After several direct orders he stepped out of the dayroom, he still refused to turn around and be placed in cuffs, but finally complied. I/M Smith was issued this D/R due to his refusal to follow my directions, interfering with the safety and security of the unit during a code.

**Witness(es):** C/O Rodriguez and C/O Mendillo

**Physical evidence:**

| Reporting employee (print): Cox | Title: Lt. |
|---|---|

Reporting employee (signature): Cox

| Date: 2/3/08 | Time: 7:15 | ☐ am  ☒ pm | Employee requests copy: ☐ yes  ☒ no |
|---|---|---|---|

### CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☐ Administrative Detention | Date: | Time: | ☐ am  ☐ pm |
|---|---|---|---|
| ☐ Accused inmate interviewed | ☐ Informal disposition | | |

Custody Supervisor / Unit Manager name (print): COX

Custody Supervisor / Unit Manager signature: Cox

| Title: LT | Date: 2/3/8 | Time: 10:20  ☐ am  ☒ pm |
|---|---|---|

### INMATE NOTICE

Delivered by (print): Rodriguez, M

Delivered by (signature): Rodriguez M

| Title: C/O | Date: 2-3-08 | Time: 10:30  ☐ am  ☒ pm |
|---|---|---|



# Restrictive Housing Unit Status Order
**Connecticut Department of Correction**

CN 9401/1
REV 12/27/05

| Facility/Unit: Bridgeport C.C.C. | |
|---|---|
| Inmate name: Smith, Jimmy | Inmate number: 334426 |

## SECTION 1: STATUS

Placement in Restrictive housing unit. (Check and date the appropriate description)

| | Description | Date |
|---|---|---|
| ☐ | Transfer detention | Date: |
| ☒ | Administrative detention | Date: 02/03/08 |
| ☐ | Administrative segregation | Date: |
| ☐ | Punitive segregation | Date: |
| ☐ | Administrative segregation transition | Date: |
| ☐ | Close custody, chronic discipline | Date: |
| ☐ | Close custody, security risk group safety threat member | Date: |

## SECTION 2: REASON FOR PLACEMENT

The inmate's/my continued presence in the general population poses a serious threat to life, property, self, other inmates, and/or the security of the institution because:

Inmate Smith, Jimmy #334426 was involved in a code blue incident in 38-B. While LT. T. Cox was investigation the incident and requested staff to secure inmate Smith in restraint he became non-compliant and demanded that he isn't place in restraint. This caused inmate Smith to interfere with the safety and security of this facility in which he interrupted an emergency incident in 38-B. Inmate Smith is currently housed in the New Center Hospital however once space is available in 38-A then he will be housed in 38-A pending his disciplinary report.

| Supervisor signature: LT. F. Syed | Date: 02/03/08 |
|---|---|
| Inmate given copy of this form: Yes | Time: 8:00  ☐ am  ☒ pm   Date: 02/03/08 |

# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/1
REV 1/8/08

| | |
|---|---|
| Facility/Unit: Bpt CC | Housing unit: AS-3 |
| Report date: 2-3-08 | Report number: BCC080211 | Hearing date: 2-15-08 |
| Inmate name: Smith, Jimmy | Inmate number: 334426 |
| *Reporting employee: Cox | Title: LT |
| Investigator: Lopez | Advocate: Declined. |
| Inmate appearance: ☒ yes  ☐ no   Reason: | |

- ☐ Suspended sentence
- ☐ Deferred prosecution   Number of days:    Through:
- ☐ Charge dismissed   By:    Reason:

Continuances (dates and reasons):

## SUMMARY

| | Charge/class | Plea | Finding | Sanctions |
|---|---|---|---|---|
| Original | Interfering w/ safty and Sec | Not Guilty | Guilty | 10 days Pun. Seg. |
| Substitute | | | | |

☐ Confidential information   Reliability:

Documentation submitted: ☒ Incident report   ☐ Medical incident report   ☐ Use of force report   ☐ Other (specify)

Witness name: Martinez, S. # 234040   appearance ☐ yes ☒ no
Testimony: See attached statement

Witness name: Armantino, D. # 135686   appearance ☐ yes ☒ no
Testimony: See attached statement

Witness name: Fernandez, E. # 63972   appearance ☐ yes ☒ no
Testimony: See attached statement

☐ Witness exclusion   Name:    Reason:

Physical evidence, written testimony:

# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/2
REV 1/8/08

**Basis for finding:** Incident Report —

**Basis for sanctions:** To deter this kind of misconduct —

Following sanction imposed 10 days Pun. Seg.

### DISPOSING OFFICER

| Hearing officer signature: | Lt. S__ M | Date: | 2-15-08 |
|---|---|---|---|
| Disciplinary coordinator signature: | | Date: | |
| Investigator signature: | | Date: | |

### INMATE NOTICE
You may appeal a finding of guilty by a hearing officer within 15 days.

| Delivering officer signature: | [signature] | Date: | 2-15-08 |

Copies (5): Investigator, reporting employee, inmate, disciplinary file and inmate master file



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### *South District Office*
### *944 Highland Ave*
**CHESHIRE, CONNECTICUT 06410**

Mark W. Strange
District Administrator

March 5, 2008

Mr. Jimmy Smith # 334426
Cheshire Correctional Institution
900 Highland Ave
Cheshire CT. 06410

Dear Mr. Smith:

I am in receipt of your correspondence dated February 16, 2008 regarding the appeal of a Class A Disciplinary Report BCC # 08-02-011 for Interfering with Safety and/or Security.

At this juncture I do not retry the report, but merely evaluate the facts. With this, I have reviewed your appeal and found no errors in the due process, therefore I am upholding the finding of guilty.

You were issued the disciplinary report because you failed to comply with several orders given to you by a Lieutenant during an emergency.

Sincerely,

Mark W. Strange
District Administrator

C:   Charles Lee, Warden Cheshire Correctional Institution
     Disciplinary Coordinator
     Disciplinary Hearing Officer
     Disciplinary Investigator
     File

*An Equal Opportunity Employer*