**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| JIMMY D. SMITH, | |
| Plaintiff, | 3:08-cv-00509 (CSH) |
| v. | |
| LT. COX, *et al.*, | **OPINION AND ORDER** |
| Defendants. | |

HAIGHT, Senior District Judge:

Plaintiff, currently incarcerated in a State of Connecticut prison, filed this action under 42

U.S.C. § 1983, alleging in his complaint that several officers or employees of the prison violated

his constitutional rights.  Plaintiff appears *pro se*.  Defendants are represented by the office of

the Connecticut Attorney General.  The case is presently before the Court on defendants' motion

to vacate an entry of default previously entered against them, and several related motions.

**I.      Background**

The procedural posture of this case is summarized in an opinion of the Court dated

November 10, 2008 [doc. #25], which states:

> [D]efendants were required to answer or move to dismiss the
> complaint on or before July 2, 2008.  They did not.  Indeed, the
> Connecticut Attorney General's office did not even enter an
> appearance on their behalf until July 3, 2008, one day after the
> time for them to answer had expired.
>
> After two more months of inactivity, Smith moved on
> September 11, 2008, for the Clerk to issue an entry of default
> pursuant to Fed. R. Civ. P. 55(a) [doc. #14], which the Clerk did
> on September 19, 2008 [doc. #16].

[doc. #25] at 2 (footnote omitted).  After several more weeks of inactivity, Smith filed a Motion

for Default Judgment on October 2, 2008 [doc. #20].  It was that motion which finally got the

State's attention.   On October 14, 2008, the defendants opposed the Motion for Default

Judgment on the grounds that it was mooted by the answer they purported to file simultaneously

therewith.

In my previous Opinion [doc. #25], I struck the defendants' proposed answer, both as

untimely and as deficient under Fed. R. Civ. P. 11(b).  However, I reserved decision on Smith's

Motion for Default Judgment, giving the defendants two weeks to move to set aside their default

and to submit an answer.  Defendants complied with that order by filing a proposed Amended

Answer [doc. #29] and Cross-Motion To Set Aside the Entry of Default [doc. #27] on November

20, 2008.

In the documents accompanying defendants' latest submission, defense counsel has also

attempted to explain the cause for the default.  He explains that the original answer was not

timely filed because it was "held in abeyance until [previously requested] documentation was

received from the Bridgeport facility."  Mem. [doc. #28] at 2.  Furthermore, counsel explains

that following the plaintiff's motion for an entry of default, "[t]hrough uncharacteristic

inadvertence, the undersigned did not diary a response date for the motion or answer."  *Id.*

Although defense counsel does not explain why the original purported Answer was inadequate

under Rule 11, it is clear from the memorandum and attached affidavit that the Answer was

hastily submitted to avoid a default judgment, even though "information requested from the

Bridgeport facility had not been received."  Mem. [doc. #28] at 2; *see also* Affidavit of Robert B.

Fiske, III, Mem. ex. A, [doc. #28-2] ¶ 12 ("Recognizing that the Answer was overdue . . . an

Answer with Affirmative Defenses was filed . . . .").

Defense counsel argues that under these circumstances, the defendants' default was inadvertent, and thus it was also not willful.  Furthermore, the defendants argue that their failure to file a timely answer has not caused the plaintiff any prejudice, and that they have meritorious defenses to the allegations in the Complaint.

The Court now considers the merits of the plaintiff's original motion for default judgment [doc. #28], the defendant's motion to set aside the entry of default [doc. #27], plaintiff's objection thereto [doc. #35], and the plaintiff's motion to strike the defendant's motion to set aside the entry of default [doc. #34].[1]

## II.    Discussion

### A.            Legal Standard

The parties agree that there are three relevant factors bearing on whether a motion to set aside an entry of default should be granted.  Those factors are whether the default resulted from willful conduct, whether setting aside the default will cause the non-defaulting party to suffer prejudice, and whether the defaulting party has meritorious defenses.  *See* Defs.' Mem. at 3 (citing *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)); Pl.'s Mem. [doc. #34] at 2 (citing *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986), *as amended by* 807 F.2d 1514 (9th Cir. 1987); and *Davis v. Musler*).

### B.            Analysis

---

[1] The documents attached to docket entries 34 and 35 are identical, even though those two docket entries have different captions.  The Clerk's office presumably docketed the same item twice because plaintiff's objection to the defendants' motion to set aside the default also appears to serve as a separate motion to strike defendants' motion, and as a renewal of plaintiff's earlier motion for a default judgment.  The caption on the document itself is "Pro Se Plaintiff's Motion Objection & Response to Defendant's Motion To Set Aside Default," but the first sentence reads: "Pursuant to Rule 55(a) of the Fed. R. Civ. P., the Plaintiff moves this honorable court to strike Defendant's Amended Answer & Affirmative Defenses, Dated Nov. 18, 2008, and do objects to Defendant's Amended Answers and Defenses." [Doc. #34] at 1.

Judge Arterton recently considered a plaintiff's motion for default judgment and provided a thoughtful analysis of relevant authority within the Second Circuit. In her case, *Atlantic Recording Corp. v. Brennan*, 534 F. Supp. 2d 278 (D. Conn. 2008), the Clerk of Court had already made an entry of default against the defendant, and at the time of her decision, the defendant still had not answered or otherwise responded to the plaintiffs' motion for default judgment. Judge Arterton assessed the three factors bearing on a district court's discretion when deciding a motion for default judgment: willfulness, prejudice, and the existence of meritorious defenses. *Atlantic Recording Corp.* serves as a useful guidepost regarding what should be done in this case, where the defendants *have* moved to set aside the default, filed a proposed answer with affirmative defenses, and made representations as to the causes for their default.

1.                Willfulness

With respect to willfulness, Judge Arterton noted that at the time of her opinion, the record continued to be devoid of any suggestion as to "what Mr. Brennan's reasons were or are for not participating in this action." 534 F. Supp. 2d at 281. Nevertheless, absent further blameworthy conduct, she concluded that "the Defendant's failure to answer the complaint after proper service can be characterized as negligent at most, perhaps cutting slightly in favor of the plaintiffs, if at all." *Id.* For this conclusion, Judge Arterton cited Second Circuit cases stating that "*gross* negligence weighs *somewhat* against the defaulted party" (emphases added), that negligence can *become* "so nonchalant as to be willful," and that willfulness can also be found based on defendants' "overall plan to delay the proceedings." *Id.* (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996); *Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990), and *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005), respectively).

In the circumstances here, it is clear that counsel for defendants was negligent.  Defense counsel failed to diary two response deadlines, first to answer the complaint, and then to respond to the motion for an entry of default.  Nevertheless, counsel for defendants has represented that this was "uncharacteristic inadvertence," Defs.' Mem. at 2, because "the undersigned [] is otherwise very detail oriented," and "[t]his was clearly an aberration." *Id.* at 4. [2]

Under these circumstances, I find that defense counsel's negligence does not manifest an "overall plan to delay the proceedings"; it had not yet become "so nonchalant as to be willful"; and it certainly had not yet risen to the level of gross negligence.  This element, therefore, "cut[s] slightly in favor of the plaintiff[], if at all." *Atlantic Recording Corp.*, 534 F. Supp. 2d at 281.

**2.          Prejudice**

Plaintiff has not identified any particular prejudice he would suffer by permitting defendants to answer his complaint, other than making the blanket assertion that "the default was willful and both prejudicial and a tactical ploy on behalf of defendants and their undersign[ed] coun[se]l to avoid responding to fact set forth by the plaintiff supported by video footage, and hoping the court would dismiss plaintiff's claims without further contentions."  [doc. #34] at 5. It is axiomatic that in the context of default, "delay standing alone does not establish prejudice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Because plaintiff supplies no other prejudice he might have suffered, this factor favors setting aside the default.

**3.          Meritorious Defenses**

---

[2]  This representation may be called into question by typographical errors in defense counsel's briefs. *See, e.g.*, Def's Mem. at 4 (citing to "E**xhibit A, ¶ ??.**").  But that does not change my analysis, because whether behavior is aberrant does not affect the relevant legal question of whether or not that behavior was grossly negligent or willful.

Defendants have adduced ten affirmative defenses to their proposed answer [doc. #29], including a failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, qualified immunity, statutory immunity under state law, sovereign immunity, and contributory negligence or recklessness by the plaintiff, among others.  To show a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (citations and quotation marks omitted).

Defendants here have submitted several different sources of evidence bearing on some of these affirmative defenses.  In particular, they have submitted two pages from an Incident Report dated Feb. 3, 2008, *see* [doc. #28] exs. B, C; a Disciplinary Report dated the same day, *see* [doc. #28] ex. D; a Medical Incident Report dated the same day, *see* [doc. #28] ex. E; and a Disciplinary Process Summary Report dated February 15, 2008, *see* [doc. #28] ex. F, with accompanying contemporaneous statements by witnesses, *see* [doc. #28] exs. G, H, & I.

I find that these documents suggest facts that, if proven at trial, would constitute a complete defense to Smith's claims.  As the Second Circuit observed in *Enron Oil*, the test of a defense is not "whether there is a *likelihood* that it will carry the day."  10 F.3d at 98 (emphasis added).  Rather, the test is whether the defendant offers evidence to suggest a defense that would, if proven, be complete.  *Id.*

## III.   Conclusion

Of the three factors the Court must consider when setting aside a default, willfulness does not weigh strongly in the plaintiff's favor, and both the absence of any identified prejudice and the existence of potentially meritorious defenses weigh strongly in the defendants' favor.  This balance of factors is only strengthened by the general policy of the federal courts to resolve

disputes on their merits.  *See generally Enron Oil*, 10 F.3d at 95 ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits.").

For the foregoing reasons, plaintiff's motion for a default judgment is DENIED, the defendants' motion to set aside the entry of default is GRANTED, the plaintiff's motion to strike the same is DENIED, and the proposed answer is accepted for filing.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        December 8, 2009


                                        */s/ Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge